FILED & ENTERED

SEP 03 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>RAFAEL ABELLO,<br><br>Debtor. | Case No. 2:14-bk-23834-RK<br><br>Chapter 7<br><br>Adv. No. 2:14-ap-01695-RK |
| ARTURO HERNANDEZ and<br>MARIA ESTELA HERNANDEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>RAFAEL ABELLO,<br><br>Defendant. | **ORDER DISAPPROVING UNILATERALLY SUBMITTED SO-CALLED "STIPULATION FOR SETTLEMENT" AND PROPOSED ORDER RESERVING JURISDICTION WITHOUT DISMISSAL, TENTATIVE RULING ON APPROVAL OF SETTLEMENT WITH COURT'S CONDITIONS, AND RESETTING STATUS CONFERENCE AS PRETRIAL CONFERENCE** |

    The court has reviewed the so-called "Stipulation for Settlement," filed on August 21, 2015 by Edward A. Villalobos, of the Law Offices of Villalobos & Associates.  The so-called "Stipulation for Settlement" was not exactly a stipulation because it was only signed by counsel for one side, Mr. Villalobos, who represents Plaintiffs, and thus, was his unilateral submission on behalf of Plaintiffs as there was no signature by Defendant or Defendant's counsel, Raymond Guitan.  Attached to the so-called "Stipulation for Settlement" was a "Memorandum of Settlement" signed and dated by the parties and

both counsel, Mr. Villalobos for Plaintiffs and Mr. Gaitan for Defendant, on July 24, 2015. The so-called "Stipulation for Settlement" was accompanied by a proposed "Order Reserving Jurisdiction over Settlement," lodged on August 21, 2015, and unilaterally submitted by Mr. Villalobos as indicated by the fact that the order was submitted on pleading paper with his letterhead, but no signature by either counsel.

The court indicated to the parties who appeared by counsel at the status conference on August 18, 2015 after being advised that the parties had reached a settlement that in order to dispose of the adversary proceeding, the court would either: (1) enter a judgment based on the settlement; or (2) enter an order dismissing the adversary proceeding by reason of settlement, but reserving (or retaining) jurisdiction if there is a dispute regarding enforcement of the settlement, but the court would not keep the adversary proceeding on the active case docket while defendant makes payments under the settlement.  While the court understands that Plaintiff does not want to dismiss the adversary proceeding without full payment of the settlement amount and Defendant does not want the entry of judgment while he is making payments of the settlement amount, the court does not want the adversary proceeding on its active case docket for another two years while defendant is making settlement payments to plaintiff until June 2017.  The proposed order reserving jurisdiction without dismissal is not in accordance with the court's instructions for disposition of the adversary proceeding stated at the status conference, and the court will only approve a Settlement in accordance with its prior instructions to dismiss the adversary proceeding by reason of settlement, but expressly retaining jurisdiction over enforcement of the settlement, which would not prejudice the rights of either party to seek enforcement by this court of a settlement reached in this adversary proceeding through the court's ancillary jurisdiction if the court expressly retains jurisdiction over the settlement and/or the terms of the settlement are incorporated into a final order of dismissal or judgment.  *See, e.g.,* 3 Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶¶ 15:141 -15:141.3 (2014), *citing*

*inter alia, Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375, 381 (1994); *K.C. ex rel C. v. Torlakson,* 762 F.3d 963, 967 (9th Cir. 2014).

Accordingly, the court rules on the so-called "Stipulation for Settlement" and the proposed "Order Reserving Jurisdiction" unilaterally submitted by Mr. Villalobos as follows:

1. The so-called "Stipulation for Settlement," filed on August 21, 2015 is disapproved because it is only signed by Mr. Villalobos, counsel for Plaintiffs, and is thus not a proper stipulation of the parties, which would be signed by counsel for both sides.

2. As a tentative ruling, the court would be inclined to approve the settlement recited in the "Memorandum of Settlement" signed and dated by the parties and their counsel on July 24, 2015, which was attached to "Stipulation for Settlement" on condition that (1) the parties resubmit the Memorandum of Settlement with a proper Stipulation for Settlement signed by counsel for all parties; and (2) the parties submit a joint proposed order which approves the terms of the settlement, dismisses the adversary proceeding by reason of settlement and provides for the court expressly retaining jurisdiction over the terms of the settlement and/or incorporating the express terms of the settlement into the order for dismissal by reason of settlement. Moreover, the court indicates to the parties that (1) it will not approve any settlement which keeps this adversary proceeding on its active case docket for another 20 months until June 2017 for Defendant to complete the payment plan under the settlement and that (2) upon any approval of a settlement, the court will require either the immediate entry of a judgment or a dismissal by reason of settlement with express retention of jurisdiction over the terms of the settlement if enforcement is needed. If the parties do not consent to immediate disposition of the adversary proceeding upon approval of the settlement, the court will not

approve the settlement and will immediately set the matter for a pretrial conference and a trial.

3. The proposed "Order Reserving Jurisdiction over Settlement," lodged on August 21, 2015, which was also unilaterally submitted by Mr. Villalobos, is disapproved because it is not in accordance with the court's instructions at the status conference on August 18, 2015 regarding immediate disposition of the adversary proceeding.

4. The further status conference scheduled for October 20, 2015 at 1:30 p.m. will remain on calendar, and counsel for the parties will be required to attend in person to discuss the appropriate disposition of this matter if the settlement is not resubmitted in accordance with the conditions of the court as outlined in this order and to discuss scheduling of a pretrial conference and a trial if the settlement is not approved in accordance with the court's instructions.

IT IS SO ORDERED.

###

Date: September 3, 2015

_____
Robert Kwan
United States Bankruptcy Judge